UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STANLEY VEAL (#110380)

VERSUS                                              CIVIL ACTION

M.SGT. COLIN FORTENBERRY, ET AL                     NUMBER 10-317-RET-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, August 26, 2010.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


STANLEY VEAL (#110380)

VERSUS                                              CIVIL ACTION

M.SGT. COLIN FORTENBERRY, ET AL          NUMBER 10-317-RET-SCR


MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against M.Sgt. Colin Fortenberry, Sgt. Joyce Wyaitti and Sgt. Stacy Turner.  Plaintiff alleged that M.Sgt. Fortenberry issued an unfair disciplinary report to him, improperly read a letter discovered during a search, and threatened to interfere with the plaintiff's ability to work, all in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.

*Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### Unfair Disciplinary Report

Plaintiff alleged that on April 30, 2009, he was searched by M.Sgt. Fortenberry. Plaintiff alleged that M.Sgt. Fortenberry discovered a letter on his person which contained a threat to harm Sgt. Wyaitti. Plaintiff alleged that he was issued a disciplinary report for violating Rule # 30-B, General Prohibited Behavior. Plaintiff alleged that the disciplinary report was unfair because he never had a problem with Sgt. Wyaitti.

Under § 1983, allegations that the plaintiff was reported or punished for an act he did not commit do not amount to a denial of due process where the state provides a procedurally adequate hearing. *Collins v. King*, 743 F.2d 248 (5th Cir. 1984). The

disciplinary procedures in effect at the state penitentiary were previously approved by this court in *Ralph v. Dees*, CA 71-94 (M.D.La.), and *Williams v. Edwards*, CA 71-98 (M.D. La.), *affirmed*, 547 F.2d 1206 (5th Cir. 1977).  These procedures meet the standards set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974), and *Stewart v. Thigpen*, 730 F.2d 1002 (5th Cir. 1984).

### Failure To Exhaust Administrative Remedies

Plaintiff alleged that M.Sgt. Fortenberry improperly read the letter found during the search and threatened to interfere with the plaintiff's ability to get a job at the penitentiary.

In an action proceeding in forma pauperis under § 1915, this court may consider, sua sponte, affirmative defenses that are apparent from the record even when they have not been addressed or raised by the parties.  *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending.  *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002);

*Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003). A court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

In his amended complaint, the plaintiff attached as exhibits

the record of Administrative Remedy Procedure (ARP) number LSP-2009-2592 and Disciplinary Board Appeal number LSP-2009-0368.[1]  In ARP LSP-2009-2592 the plaintiff complained that M.Sgt. Fortenberry exceeded his authority when he read the letter discovered during the search.  Plaintiff further complained that Lt. Col. Veal threatened to issue him a disciplinary report if he discovered the plaintiff working in the prison canteen.  The administrative record showed that LSP-2009-2592 was rejected on the ground that disciplinary matters must be processed through the disciplinary appeals system.  Disciplinary Board Appeal number LSP-2009-0368 showed that the only ground for relief argued by the plaintiff was that his record was not present during the disciplinary hearing.

It is apparent on the face of the complaint that the plaintiff failed to exhaust available administrative remedies regarding the claims that the letter discovered during the search was improperly read and that he was threatened prior to filing suit.

## No Causal Connection

Plaintiff named Sgt. Wyaitti and Sgt. Turner as defendants but failed to allege any facts against them which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of

---

[1] Record document number 4.

5

constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's unfair disciplinary report claim against defendant M.Sgt. Colin Fortenberry, and the claims against defendants Sgt. Joyce Wyaitti and Sgt. Stacy Turner, be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i), and the plaintiff's other claims be dismissed and for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

Baton Rouge, Louisiana, August 26, 2010.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE